

# IN THE COURT OF CRIMINAL APPEALS
# OF TEXAS

### NO. WR-42,338-04

### EX PARTE DEMOND LAMONT WILSON, Applicant

### ON APPLICATION FOR A WRIT OF HABEAS CORPUS
### CAUSE NO. WRIT008761 IN THE 354TH DISTRICT COURT
### FROM HUNT COUNTY

*Per curiam*.

### O R D E R

Pursuant to the provisions of Article 11.07 of the Texas Code of Criminal Procedure, the clerk of the trial court transmitted to this Court this application for a writ of habeas corpus. *Ex parte Young*, 418 S.W.2d 824, 826 (Tex. Crim. App. 1967). Applicant was convicted of aggravated robbery and sentenced to twenty years' imprisonment.

Applicant contends that he is being denied credit for time spent on parole prior to revocation, but in custody for a new offense. He alleges that he was restrained by an un-executed pre-revocation warrant (blue warrant). *Ex parte Canada*, 754 S.W.2d 660, 668 (Tex. Crim. App. 1988). He specifically alleges that he tried to post bond on the new charges, but "Dallas County ran a NCIC/TCIC," and a parole hold caused by the warrant meant he remained in jail until he was

transferred back to prison. The habeas court has made supplemental findings and recommends granting relief. Among other things, the habeas court has found that "[t]he effect of a prisoner having an active warrant while confined on another charge in a different county is should that prisoner make bond, then in all likelihood any outstanding warrant would be served and the prisoner held on the active warrant."

The record contains an affidavit from the custodian of records from the Dallas County Sheriff's Office attesting that a magistrate set a bond on the Dallas County cause that was a basis for Applicant's parole revocation. The affidavit concludes that, since bond was set, Applicant was eligible to post bond. This could suggest that the "issued" pre-revocation warrant would not have prevented Applicant from posting bond and being released.

In these circumstances, additional facts are needed. As we held in *Ex parte Rodriguez*, 334 S.W.2d 294, 294 (Tex. Crim. App. 1960), the trial court is the appropriate forum for findings of fact.

The trial court shall order the Texas Department of Criminal Justice's Office of the General Counsel to file an affidavit addressing several issues. The affidavit shall specify in detail what process is used when a parole violator warrant is "published" by the Texas Department of Criminal Justice's Parole Division, and to whom the warrant is published. The affidavit shall state the Parole Division's policy, if any, addressing when parole violation warrants are to be executed after being issued and published.

The trial court shall also order the Dallas County Sheriff's Department to file an affidavit as an additional response to Applicant's claims. The affidavit shall state whether Applicant attempted to post bond in Cause Number F-1541481-W in the 363rd District Court. The affidavit shall state

whether Applicant was ever under a detainer or hold for the parole violator warrant[1] in this case. The affidavit shall state the Sheriff's Office's policy, if any, relating to the release of jail inmates with issued or published parole violator warrants that have not been executed. Specifically, is it the Sheriff's Office's policy or practice to enforce or execute parole violator warrants in the event that a jail inmate posts bond on a different, pending charge? Also, if Applicant had posted bond on Cause Number F-1541481-W after August 11, 2015, would he have been released from custody, or would the published parole revocation warrant have prevented his release?

The trial court may use any means set out in TEX. CODE CRIM. PROC. art. 11.07, § 3(d).

The trial court shall determine whether Applicant is indigent. If Applicant is indigent and wishes to be represented by counsel, the trial court shall appoint an attorney to represent Applicant in these habeas corpus proceedings. TEX. CODE CRIM. PROC. art. 26.04.

The trial court shall make any supplemental findings of fact and conclusions of law that it deems relevant and appropriate to the disposition of Applicant's claim for habeas corpus relief. Should the responses to this remand order raise new fact questions or present conflicting fact issues, the trial court's supplemental findings shall resolve them.

This application will be held in abeyance until the trial court has resolved the fact issues. The issues shall be resolved within 90 days of this order. A supplemental transcript containing all affidavits and interrogatories or the transcription of the court reporter's notes from any hearing or deposition, along with the trial court's supplemental findings of fact and conclusions of law, shall be forwarded to this Court within 120 days of the date of this order. Any extensions of time must be requested by the trial court and shall be obtained from this Court.

---

[1] Documents in the record suggest that this was warrant number 08112015-052119312.

Filed:   December 13, 2017
Do not publish